PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JULIO AYBAR, Defendant and Appellant.

No. 3121. Argued April 19, 1928.—Decided July 18, 1928.

*Genaro Altiery, José R. García, Bolívar Pagán* and *V. M. Fernández* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On a complaint made before the Municipal Court of Mayagüez charging Julio Aybar with the crime of libel the District

Court of Mayagüez on appeal convicted the defendant and sentenced him to pay a fine of $90 or in default of payment to be imprisoned one day for each dollar not paid. Defendant Julio Aybar took the present appeal from that judgment.

The charge was that Julio Aybar, the editor of the newspaper *Unión Obrera* of San Juan, published therein a communication from María Y. Alfonso of which the following paragraphs are a part:

"As you are a journalist who valliantly combats abuses, I am not afraid to inform you of a repugnant abuse committed by policemen Luis Montero Cintrón and Jaime Almodovar stationed in this city. The facts are as follows: I am a poor woman living with my son who is 24 years of age and a paralytic and we have a business of sending to another son in San Juan poultry, eggs and mangoes for sale, deriving therefrom a poor but honest living.

"It happens that on Saturday afternoon the said policemen appeared in my house with a false search warrant, supposing that we were selling rum. My helpless son, on observing that the search warrant was false because it was not signed by any judge, resisted the search and was cowardly abused, the policemen proceeding with the search and finding that the sacking of the cot held $400 just received from San Juan, policeman Luis Montero Cintrón took possession of it.

"I have brought these facts to the knowledge of the district attorney, the judge and the Attorney General, and I inform you of them so that you may lay them before the colonel of police.

I have many witnesses of the disappearance of the $400. Don Julio, this reminds me of when the police raided the *Federación Libre* in a town which I do not remember and took away the money which they found and which belonged to the unions. I think that if there is any justice those policemen should be removed from the force for the honor of that institution."

In support of his appeal the appellant alleges that the complaint does not charge him with any crime.

As may be seen from the transcript of the publication, policeman Luis Montero Cintrón is accused of having taken $400 which he found in the sacking of a cot on the occasion of searching the house of María Y. Alfonso on the suspicion that she was selling rum. These words contain no imputation

535

of theft, as held in *People* v. *Echevarría,* 29 P.R.R. 195, inasmuch as the policeman might have taken the money in compliance with some official duty or for delivering it to some court. As the publication does not say that he appropriated the money, in which case it would have imputed on its face a crime of theft, it was necessary that the complaint should contain an innuendo explaining that the words referring to the policeman tended to charge that he appropriated the money.

In the absence of such an innuendo the complaint does not charge the appellant with the crime of libel and for that reason the judgment appealed from must be reversed and the defendant discharged.

Mr. Justice Texidor took no part in the decision of this case.